IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                   20-CR-183-JLS

MATTHEW OSTROWSKI,

Defendant.

---

### PLEA AGREEMENT

The defendant, MATTHEW OSTROWKI, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendant agrees to plead guilty to Count 1 of the Indictment which charges a violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2) (possession of child pornography involving a prepubescent minor) for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 for the offense of conviction pursuant to Title 18, United States Code, Section 3014, in addition to the assessment imposed under Title 18, United States Code, Section 3013.

3. The defendant understands that the Court must impose an assessment of not more than $17,000 for the offense of conviction pursuant to Title 18, United States Code, Section 2259A(a)(1), in addition to any other criminal penalty, restitution, or special assessment.

4. The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the compensable losses of the victim(s), but no less than $3,000 per victim. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

5. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration,

2

a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

6. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II. ELEMENTS AND FACTUAL BASIS

7. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a. the defendant knowingly possessed, or accessed with intent to view, material that contained an image of child pornography as defined in Title 18 U.S.C. § 2256(8);

b. such child pornography had been shipped or transported using any means or facility of interstate or foreign commerce; had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; or was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer;

c. the defendant knew that such material contained an image of child pornography; and

d. the images involved a prepubescent minor or minors who had not attained 12 years of age.

## FACTUAL BASIS

8. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a. On October 6, 2019, the defendant uploaded and distributed an image containing child pornography to a gaming application, Discord, under his username "nugleking#9090."

b. On or about December 17, 2019, law enforcement executed a federal search warrant at 274 Meadow Drive, North Tonawanda, New York 14120. The search resulted in the seizure of 7 electronic devices, including a Dell Inspiron 530S desktop computer, bearing serial number DN0QSF1. Forensic examination of the 530S desktop computer resulted in the recovery of 12 images of child pornography, including, for example:

   i. An image file depicting a 2-4 year old dark-skinned topless female performing oral sex on an adult Caucasian male in what appears to be a tub;

   ii. An image file depicting an erect, adult, Caucasian penis being inserted into the vagina of what appears to be Caucasian female infant; and

4

      iii. An image file depicting two adult Caucasian males ejaculating on the face and in the mouth of a 3-6-year-old topless Caucasian female.

It was determined that the Dell Inspiron 530S desktop computer contained a Seagate Barracuda hard drive, which was a product manufactured in the country of China.

c. In addition, on December 17, 2019, the defendant consented to a search of his Apple iPhone 10 device, assigned phone number -1150. Forensic examination revealed 4,204 unique image files of child pornography and 8,523 unique images of child exploitative material. A majority of the child pornography images depicted minors under the age of 12.

d. The search of the Apple iPhone 10 device seized on December 17, 2019 also resulted in the recovery of deleted text conversations between the defendant and a minor female victim, who has since been identified by investigators. The defendant communicated with the minor female victim for a period at least one year over social communication platforms including Kik and SnapChat while the minor female was 15 and 16 years old. After a few months of messaging and sending the minor female victim images of himself, he requested she send him "nudes" and directed her in what to do in the pictures/videos. Over the course of their online relationship, the minor female victim sent the defendant more than 10 photographs and/or videos depicting herself without clothes on and in the manner the defendant requested. The defendant admits to these communications, to knowing the minor female was under 18 years of age, and to having requested and received images constituting child pornography from the minor female victim.

e. On February 5, 2020, law enforcement executed another federal search warrant at the defendant's residence at 274 Meadow Drive. During the search, law enforcement located a Dell Inspiron 531S computer, bearing serial number DG3XPD1. A forensic examination revealed 178 unique image files and 5 unique videos of child pornography. A vast majority of the files depict minors under the age of 12.

f. The defendant agrees that each of the devices described above are his, and that he knew the images and videos constituting child pornography were on the devices.

5

## III. SENTENCING GUIDELINES

9. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

10. The government and the defendant agree that Guidelines § 2G2.2(a)(1) applies to the offense of conviction and provides for a base offense level of 18.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

11. The government and the defendant agree that the following specific offense characteristics do apply:

   a. the two-level increase pursuant to Guidelines § 2G2.2(b)(2) (material involved a prepubescent minor or a minor under the age of 12 years);

   b. the two-level increase pursuant to Guidelines § 2G2.2(b)(3)(F) (defendant knowingly engaged in distribution);

   c. the four-level increase pursuant to Guidelines § 2G2.2(b)(4) (offense involved material that portrays sadistic, masochistic, or other depictions of violence);

   d. the two-level increase pursuant to Guidelines § 2G2.2(b)(6) (offense involved use of a computer); and

   e. the five-level increase pursuant to Guidelines § 2G2.2(b)(7)(D) (offense involved 600 or more images).

12. The government maintains that the following specific offense characteristic does apply:

   a. the five-level increase pursuant to Guidelines § 2G2.2(b)(5) (defendant engaged in a pattern of sexual abuse of a minor).

6

The defendant specifically reserves the right at the time of sentencing to argue to the Court that this increase does not apply.

## ADJUSTED OFFENSE LEVEL

13. Based on the foregoing, it is the understanding of the government and the defendant that if the Court determines Guidelines § 2G2.2(b)(5) does apply, the adjusted offense level of the offense of conviction is 38. The parties further agree that if the Court determines that Guidelines § 2G2.2(b)(5) does not apply, the adjusted offense level for the offense of conviction is 33.

## ACCEPTANCE OF RESPONSIBILITY

14. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 35 if § 2G2.2(b)(5) does apply, or a total offense level of 30 if § 2G2.2(b)(5) does not apply.

## CRIMINAL HISTORY CATEGORY

15. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the

defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

16.   It is the understanding of the government and the defendant that,

(a)   with a total offense level of 35 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 168 to 210 months, a fine of $40,000 to $250,000, and a period of supervised release of 5 years to life; and

(b)   with a total offense level of 30 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of 97 to 121 months, a fine of $30,000 to $250,000, and a period of supervised release of 5 years to life.

(c)   Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

17.   The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

18. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

19. In the event that the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV. STATUTE OF LIMITATIONS

20. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

21. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## V.     GOVERNMENT RIGHTS AND OBLIGATIONS

22.  The defendant understands that the government has reserved the right to:

a.  provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.  respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.  advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or fine and the method of payment;

d.  modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.  oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

23.  At sentencing, the government will move to dismiss the open counts of the Indictment in this action.

24.  The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI. RESTITUTION

25. The defendant acknowledges that pursuant to Title 18, United States Code, Section 2259, the Court must order restitution for the full amount of the victim or victims' compensable losses of the victim(s), but no less than $3,000 per victim. The defendant understands that the order of restitution shall be issued and enforced in the same manner as an order issued pursuant to Title 18, United States Code, Section 3663A and in accordance with Sentencing Guidelines § 5E1.1. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

26. Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, the defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

27. The defendant agrees that the defendant will not oppose bifurcation of the sentencing hearing under 18 U.S.C. § 3664(d)(5) if the victims' losses are not ascertainable prior to sentencing.

28. The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

29. The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

30. The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments and does not, in any way, limit those methods available to the United States to enforce the judgment.

31. The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

32. To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

33. The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States Sentencing Guidelines §3E1.1.

## VII.   APPEAL RIGHTS

34. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 16(a), above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

35. The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

36. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 16(b), above,

notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. FORFEITURE PROVISIONS
## COMPUTERS

37.  The defendant, acknowledges that the United States Customs and Border Protection/Department of Homeland Security has completed administrative forfeiture with regard to the assets listed below and agrees to waive his right, title and interest to any and all the assets that were administratively forfeited prior to the return of this Indictment. Those assets include:

   a.  one Dell Inspiron 530S Desktop Computer, serial number DN0QSF1; and

   b.  one Dell Inspiron 531S computer bearing serial number DG3XPD1.

38.  The defendant agrees that the above-described property was subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property.

39.  The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative

proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

40. The defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of assets as provided in this agreement.

## IX.    TOTAL AGREEMENT AND AFFIRMATIONS

41. This plea agreement represents the total agreement between the defendant, MATTHEW OSTROWSKI, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: *Laura Higgins* (signature)
LAURA A. HIGGINS
Assistant United States Attorney

Dated: January 26, 2022

I have read this agreement, which consists of pages 1 through 17. I have had a full opportunity to discuss this agreement with my attorney, Alexander Anzalone, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
MATTHEW OSTROWSKI
Defendant

Dated: January 26, 2022

_____
ALEXANDER ANZALONE, ESQ.
Attorney for the Defendant

Dated: January 26, 2022

I have read this agreement, which consists of pages 1 through 17. I have had a full opportunity to discuss this agreement with my attorney, Alexander Anzalone, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
MATTHEW OSTROWSKI
Defendant

Dated: January 26, 2022

_____
ALEXANDER ANZALONE, ESQ.
Attorney for the Defendant

Dated: January 26, 2022