AO 245C (Rev. 10/19) Amended Judgment in a Criminal Case
Sheet 1

ASM/js(7076731)
(NOTE: Identify Changes with Asterisks (***))

# UNITED STATES DISTRICT COURT
Western District Of New York

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| Matthew Ostrowski | Case Number: 1:20CR00183-001 |
| | USM Number: 06336-509 |

**Date of Original Judgment:** July 28, 2022
(Or Date of Last Amended Judgment)

Alexander J. Anzalone
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  1 of the Indictment
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §2252A(a)(5)(B), 18 U.S.C. §2252A(b)(2) | Possession of Child Pornography Involving a Prepubescent Minor | 12/17/2019 | 1 |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)  2 and 3 of the Indictment   ☐ is  ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

September 15, 2022
Date of Imposition of Judgment

Signature of Judge

John L. Sinatra Jr., U.S. District Judge
Name and Title of Judge

Sept 20, 2022
Date

AO 245C    (Rev. 10/19) Amended Judgment in a Criminal Case     ASM/js (7076731)
Sheet 2 — Imprisonment     (NOTE: Identify Changes with Asterisks (***))

Judgment — Page  2  of  7

**DEFENDANT:** Matthew Ostrowski
**CASE NUMBER:** 1:20CR00183-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
96 months

The cost of incarceration fee is waived.

☒ The court makes the following recommendations to the Bureau of Prisons:
- Participation in the Residential Sex Offender Treatment Program.
- Placement at FCI Elkton in Lisbon, Ohio, or in the alternative, a facility with the means to provide the defendant access to participate in the Residential Sex Offender Treatment Program.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____.
    ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____.
    ☒ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 10/19) Judgment in a Criminal Case
Sheet 3 — Supervised Release

ASM/js (7076731)
(NOTE: Identify Changes with Asterisks (***))

Judgment—Page 3 of 7

DEFENDANT: Matthew Ostrowski
CASE NUMBER: 1:20CR00183-001

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: Six (6) years

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245C    (Rev. 10/19) Judgment in a Criminal Case            ASM/js (7076731)
          Sheet 3A — Supervised Release          (NOTE: Identify Changes with Asterisks (***))

Judgment—Page __4__ of __7__

DEFENDANT: Matthew Ostrowski
CASE NUMBER: 1:20CR00183-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the court determines in consultation with your probation officer that, based on your criminal record, personal history and characteristics, and the nature and circumstances of your offense, you pose a risk of committing further crimes against another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

Upon a finding of a violation of probation or supervised release, I understand that this court may (1) revoke supervision, (2) extend the terms of supervision, and/or (3) modify the conditions of probation or supervised release. A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions,* available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

U.S. Probation Officer's Signature _____ Date _____

AO 245C   (Rev. 10/19) Amended Judgment in a Criminal Case  
Sheet 3C — Supervised Release

ASM/js (7076731)  
(NOTE: Identify Changes with Asterisks (***))

Judgment—Page  5  of  7

DEFENDANT: Matthew Ostrowski  
CASE NUMBER: 1:20CR00183-001

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide the U.S. Probation Office with access to any requested personal and/or business financial information. The U.S. Probation Office is authorized to release pre-sentence and post-sentence financial information submitted by the defendant to the U.S. Attorney's Office for use in the collection of any unpaid restitution. If restitution is owed, the defendant shall notify the U.S. Probation Office of any assets received and shall not disburse his interest in any assets, including, but not limited to, income tax refunds, inheritance, insurance and lawsuit settlements, or gambling winnings without the approval of the U.S. Probation Office.

While restitution is outstanding, the defendant shall not incur any form of debt including, but not limited to, use of existing credit cards, new credit cards, lines of credit, mortgages or private loans without the approval of the U.S. Probation Office.

The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, and shall provide proof of registration to the probation officer. The probation office is authorized to release the defendant's presentence report to the New York State Board of Examiners of Sex Offenders. Further disclosure to the county court and to the parties involved in the determination of the defendant's final classification level is also authorized.

In order to monitor the defendant's compliance with not buying or subscribing to online services that provide child pornography, the defendant shall provide the U.S. Probation Office with access to any requested personal and/or business financial information.

The defendant shall not use or possess any computer, data storage device, or any internet capable device unless the defendant participates in the Computer and Internet Monitoring Program (CIMP), or unless authorized by the Court or the U.S. Probation Office. The defendant must provide the U.S. Probation Office advance notification of any computer(s), automated service(s), or connected device(s) that will be used during the term of supervision. The U.S. Probation Office is authorized to install any application as necessary to surveil all activity on computer(s) or connected device(s) owned or operated by the defendant. The defendant will be required to pay the cost of monitoring services. The U.S. Probation Office shall be notified via electronic transmission of impermissible/suspicious activity or communications occurring on such computer or connected device, consistent with the computer monitoring policy in effect by the probation office. As triggered by impermissible/suspicious activity, the defendant shall consent to and cooperate with unannounced examinations of any computer equipment owned or used by the defendant. This examination shall include but is not limited to retrieval and copying of all data from the computer(s), connected device(s), storage media, and any internal or external peripherals, and may involve removal of such equipment for the purpose of conducting a more thorough inspection. Any such monitoring or examinations shall be designed to avoid, as much as possible, reading any privileged information or any private material that is not illegal or reasonably likely to lead to illegal material or evidence related to illegal activity.

The defendant shall submit to polygraph, computerized voice stress analyzer or other such testing, not to exceed twice in a calendar year, and an additional two re-tests per year, as needed. That testing may include examinations using a polygraph, computerized voice stress analyzer, or other similar device to obtain information necessary for supervision, case monitoring, and treatment. The defendant shall answer the questions posed during the examination, subject to the defendant's right to challenge in a court of law the use of such statements as violations of the defendant's Fifth Amendment rights. In this regard, the defendant shall be deemed not to have waived the defendant's Fifth Amendment rights by making any such statements. The results of any polygraph pre-tests and polygraph examinations may be disclosed to the US Probation office and the Court, but shall not be further disclosed without a court order. The defendant is required to contribute to the cost of services rendered.

The defendant shall submit to a search of his person, property, vehicle, place of residence or any other property under his control, based upon reasonable suspicion, and permit confiscation of any evidence or contraband discovered.

The defendant must participate in a sex offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise the details of the defendant's participation in the program, including the selection of a provider and schedule. The defendant is not to leave treatment until complete or as ordered by the Court. The defendant is required to contribute to the cost of services rendered.

The defendant shall not have deliberate contact with any child under 18 years of age, excluding his biological or adopted children, unless approved by the probation officer or by the Court. The defendant shall not loiter within 100 feet of school yards, playgrounds, arcades or other places primarily used by children under the age of 18. The Probation Office has the discretion to authorize the defendant to pick up his children from school or other functions; however, authorization must be obtained in advance from the Probation Office or alternatively from the Court.

The defendant is to participate in a mental health treatment program, including a mental health evaluation and any treatment recommended. The probation officer will supervise the details of any testing and treatment, including the selection of a provider and schedule. If in-patient treatment is recommended, however, it must be approved by the Court unless the defendant consents. The defendant is not to leave such treatment until completion or as ordered by the Court. While in treatment or taking psychotropic medication, the defendant shall abstain from the use of alcohol. The defendant is required to contribute to the cost of services rendered.

AO 245C    (Rev. 10/19) Judgment in a Criminal Case                                                              ASM/js (7076731)
               Sheet 5 — Criminal Monetary Penalties                                                           (NOTE: Identify Changes with Asterisks (***))

Judgment—Page **6** of **7**

DEFENDANT:    Matthew Ostrowski
CASE NUMBER:    1:20CR00183-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | AVAA Assessment* | JVTA Assessment** | Fine | ***Restitution |
|---|---|---|---|---|---|
| TOTALS | $ 100 | $ 0 | $ 0 | $0 | $ 30,000 |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Pia of the "Sweet White Sugar" series | | $3,000 | |
| Sarah of the "Marineland1" series | | $3,000 | |
| Violet of the "At School" series | | $3,000 | |
| Chelsea of the "2crazygurls" series | | $3,000 | |
| Cindy of the "Cindy" series | | $3,000 | |
| Angela of the "Angela" series | | $3,000 | |
| Anna of the "Middle Model Sister" series | | $3,000 | |
| Sierra of the "Jan_Socks1" series | | $3,000 | |
| Savannah of the "Jan_Socks2" series | | $3,000 | |
| Skylar of the "Jan_Socks3" series | | $3,000 | |
| **TOTALS** | $ | $ 30,000 | |

☐   Restitution amount ordered pursuant to plea agreement $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☒   the interest requirement is waived for the    ☐ fine    ☒ restitution.

     ☐   the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C  (Rev. 10/19) Amended Judgment in a Criminal Case  
Sheet 6 — Schedule of Payments

ASM/js (7076731)  
(NOTE: Identify Changes with Asterisks (***))

Judgment — Page  7  of  7

**DEFENDANT:** Matthew Ostrowski  
**CASE NUMBER:** 1:20CR00183-001

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due
  ☐ not later than _____ , or
  ☐ in accordance with ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C,  ☐ D, or  ☒ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay a special assessment of $100, which shall be due immediately. If incarcerated, payment shall begin under the Bureau of Prisons Inmate Financial Responsibility Program. Payments shall be made to the Clerk, U.S. District Court (WD/NY), 2 Niagara Square, Buffalo, New York 14202.

***Pursuant to 18:3664(n), if the defendant is obligated to provide restitution, and he receives resources from any source, including inheritance, settlement (insurance, lawsuit), or other judgment during a period of incarceration, he shall be required to apply the value of such resources to any outstanding fine or restitution.

***Pursuant to 18 U.S.C. §2259 and 18 U.S.C. §3663(a)(3), it is ordered that the defendant make restitution to the victims in the total amount of $30,000. The following amounts of restitution are made to the identified victims in the following series: $3,000 to the "Sweet White Sugar" series; $3,000 to the "Marineland1" series; $3,000 to the "At School" series; $3,000 to the "2crazygurls" series; $3,000 to the "Cindy" series; $3,000 to the "Angela" series; $3,000 to the "Middle Model Sister" series; $3,000 to Sierra of the "Jan_Socks1" series; $3,000 to Savannah of the "Jan_Socks2" series; $3,000 to Skylar of the "Jan_Socks3" series; The restitution is due immediately. Interest on the restitution is waived. While incarcerated, if the defendant is non-UNICOR or UNICOR grade 5, the defendant shall pay installments of $25 per quarter. If assigned grades 1 through 4 in UNICOR, the defendant shall pay installments of 50% of the inmate's monthly pay. After considering the factors set forth in 18 U.S.C. §3664(f)(2), while on supervision, the defendant shall make monthly payments at the rate of 10% of monthly gross income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate. |
|---|---|---|---|

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☒ The defendant shall forfeit his interest in the property specifically set forth in Section VIII of the Plea Agreement and incorporated herein.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.